IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.  06-0664 |
| ) | |
| SOUTHERN ILLINOIS RIVERBOAT ) | Judge J. Phil Gilbert |
| CASINO CRUISES, INC., d/b/a ) | |
| HARRAH'S METROPOLIS CASINO, ) | |
| et. al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT HAMILTON'S TRIAL BRIEF

Defendant, Michael Dean Hamilton, by his attorney, Julie M. Koerner, files with the Court his trial brief to address factual and evidentiary issues, which are expected to be disputed prior to and/or during the course of this trial.

**I.      Motions In Limine**

Defendant Hamilton moves *in limine* for an Order to limit certain testimony, evidence, and/or arguments from being introduced against defendant during the trial of this cause.  In support thereof, defendant states as follows:

**A.      Defendant Prays That Plaintiff Shall Make No Mention Of Liability Insurance**

1.      Defendant prays for an order *in limine* barring plaintiff from introducing any evidence, eliciting any testimony or making any argument during the trial of this cause regarding liability insurance as such testimony or argument would be irrelevant, improper, and prejudicial.  F.R.E. 411

2.      As a peace officer with the City of Metropolis, Hamilton may be entitled to indemnification for any compensatory award entered against him arising out of acts committed within the scope of his employment.

3. Under Rule 411 of the Federal Rules of Evidence "evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." F.R.E. 411.

4. Further, defendant avers that liability coverage is not a material issue in this litigation, thus the improper disclosure of such information would constitute reversible error. *Halladay v. Verschoof,* 381 F.2d 100, 112 (8th Cir. 1987).

Wherefore, Defendant prays for an Order *in limine* barring Plaintiff or Plaintiff's counsel from mentioning liability insurance.

_____ **Granted**      _____ **Denied**

**B.    Settlement Offers**

5. Prior to trial, Defendant Hamilton made an offer to settle plaintiff's claims against him, which settlement offer cannot be used as evidence to prove or establish liability, pursuant to F.R.E. 408, and should be barred.

Wherefore, Defendant prays for an Order *in limine* barring Plaintiff from mentioning settlement offers or discussions.

_____ **Granted**      _____ **Denied**

**C.    Defendant Prays That Plaintiff's Comments Regarding The Dismissal Of The Criminal Charges Against Him Be Limited To The Fact Of The Dismissal.**

6. Plaintiff's claim for malicious prosecution has been dismissed by the Court (d/e 102).

7. Defendant expects that Plaintiff may testify that the charges were "resolved in his favor," that he was innocent of the charges, or other comments on his subjective beliefs as to the reasons for the dismissal of the charges by Patrick Windhorst, Massac County State's Attorney.

8.      Such subjection beliefs or opinions are complete speculation and conjecture by the Plaintiff and would be improper and contrary to the deposition previously given by Mr. Windhorst, and should be barred based on F.R.E. 602.

9.      Moreover, the basis for the dismissal of the charges is irrelevant to the question of whether there was probable cause to arrest plaintiff, which is the only remaining claim against the Defendant, and therefore should be barred pursuant to F.R.E. 402.

Wherefore, Defendant prays for an Order *in limine* barring Plaintiff from testifying or claiming that the criminal charges were terminated in his favor, or any other subjective comment or opinion other than the fact that the charges were dismissed.

_____ **Granted**          _____ **Denied**

**D.     Defendants Move To Bar Plaintiffs From Testifying As To Any Statements Or Diagnosis Made By A Physician In This Matter.**

10.     Defendant moves that Plaintiff be barred from testifying as to what any treating physician, trained mental health therapist or counselor told Plaintiff regarding any alleged psychological disorder, condition, or diagnosis made by that treating physician or therapist, as such testimony would be impermissible hearsay and is barred by F.R.E. 802.

11.     Further, such testimony regarding any purported diagnosis or prognosis regarding Plaintiff's mental health condition or psychological status as a result of these events would be expert testimony, which Plaintiff is unqualified to give and would only be self-serving.

Wherefore, Defendant prays for an Order *in limine* barring Plaintiff from testifying to any mental health diagnosis, condition, or prognosis.

_____ **Granted**   _____ **Denied**

**E.     Defendant Moves To Bar Testimony Of Alleged Bad Acts By Individuals Not Parties To This Litigation**

12.    At his deposition, Plaintiff testified that while he was in custody of the Massac County Detention Center that deputies threw water on him and refused to move him to a cell with a window, which exacerbated his feelings of claustrophobia.

13.    Massac County and its detention/correctional officers are not parties to this litigation and have not been sued for any alleged misconduct to Plaintiff while he was in Massac County's custody.

14.    Defendant Hamilton, as a Metropolis police officer, fears that the jury may be unable to separate the conduct of the Massac County deputies from his own and prays that this confusion testimony be barred as it is irrelevant and prejudicial to Hamilton, pursuant to F.R.E. 402.

Wherefore, Defendant prays for an Order *in limine* barring Plaintiff from testifying to any alleged misconduct by Massac County deputies.

_____ **Granted**   _____ **Denied**

**F.     Defendant Moves That Plaintiff Be Barred From Eliciting Any Character Evidence From Witnesses On His Behalf, Pursuant to F.R.E. 404.**

15.    At Plaintiff's and his wife's, Erica Williams, depositions, both testified that it was not Plaintiff's custom, habit, or character to swear or use curse words, which character evidence allegedly rebuts or refutes Defendants' testimony that they all heard Plaintiff use such language, and that such language was a partial basis for the claim of disorderly conduct.

16.     Rule 404 provides that "evidence of a person's character" or character traits are not admissible "for the purpose of proving action in conformity therewith on a particular occasion."  F.R.E. 404.

17.     Eliciting any testimony from any witness on Plaintiff's behalf who will essentially testify that they have never known Plaintiff to swear or use curse words would be improper under Rule 404, and must be barred.

Wherefore, Defendant prays for an Order *in limine* barring any witness to testify to any character evidence on behalf of Plaintiff.

_____  **Granted**            _____ **Denied**

**Defendant Move To Bar, or Strike, The Entire Testimony of Dr. Saha**

1.      On April 11, 2008, the videotaped deposition of Dr. Nihar Saha was taken by the plaintiff.[1]

2.      Prior to that deposition, Plaintiff disclosed certain medical records on or about June 8, 2007, which included dates of treatment from April 2006 through May 2007.  At no time subsequent to that initial disclosure, were any additional records or expert medical or psychiatric opinions disclosed by the Plaintiff.[2]

3.      Federal Rule 26(a)(2)(B) requires the disclosure of all expert opinions, the bases for holding said opinions, as well as compilation of all data which was considered by the expert witness regarding those opinions.

4.      At no time did Plaintiff ever disclose any expert opinions, specifically regarding diagnosis, prognosis, the necessity for treatment, or the proximate cause

---

[1] Dr. Saha's deposition testimony has not yet been transcribed, but has been requested and will be provided to the Court upon receipt.
[2] The medical records are attached to co-defendant Harrah's motion in limine to bar Dr. Saha's testimony, which arguments and records Hamilton adopts in support of his motion.

link or nexus between the alleged acts of Defendants from August 27, 2005 and the Plaintiff's alleged psychiatric and/or mental health condition.

5. The medical records only refer to a diagnosis of post traumatic stress disorder and panic attacks. There is also reference to plaintiff's prior mental health and psychiatric history, including difficulties with anger and panic disorder, which predate the incident at Harrah's.

6. Plaintiff failed to abide by his obligations to fully disclose expert opinions, data, and the like. As such, he should be prohibited from submitting Dr. Saha's deposition.

7. Moreover, Plaintiff failed to elicit a proximal cause link or nexus to Defendant's conduct and his psychiatric condition during the course of the deposition. As such, Plaintiff did not elicit the proper foundation for the admission of any of Dr. Saha's purported expert opinions, that were never disclosed.

In conclusion, Defendant prays for an Order *in limine* barring the testimony of Dr. Saha.

_____   **Granted**   _____  **Denied**

## II. Defendant's Objections To Plaintiff's Damages

1. Plaintiff is seeking to recover damages to his personal property, hat, shoes, and suit, for water that was allegedly thrown on him while he was in custody at Massac County Jail.

2. Defendant Hamilton did not have anything to do with, nor does he have any control or supervision over, the conduct of Massac correctional officers.

3. Seeking damages from this Defendant for conduct in which he was not personally involved would be improper, and Defendant prays that any testimony or submission to the jury for Plaintiff to recover these damages should be barred.

4. Additionally, Plaintiff has never disclosed any records or bills related to the cost of any medical treatment in violation of F.R.C.P. 26, and Defendant prays that this Court not allow the introduction of any oral testimony regarding the cost of such treatment or any bills.

Wherefore, Defendant prays that this Court enter an Order consistent with Defendant's objections stated herein.

Respectfully Submitted,

MICHAEL DEAN HAMILTON

\_/s/ Julie M. Koerner_____
Defendant's Attorney

Julie M. Koerner (6204852)
O'Halloran, Kosoff, Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
Phone: (847) 291-0200
Fax: (847) 291-9230
jkoerner@okgc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KENNETH WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.  06-0664 |
| ) | |
| THE HARRAH'S RIVER BOAT AND ) | Judge J. Phil Gilbert |
| CASINO, et. al., ) | |
| ) | Magistrate Judge: Philip M. Frazier |
| Defendants. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on **April 16, 2008**, I electronically filed **Defendant Hamilton's Trial Brief** with the Clerk of the Court using the CM/ECF system who will notify the following CM/ECF participants:

Richard S. Fedder
Milwood Executive Suite
3200 Fishback Road
Carbondale, IL  62901
rfddr@yahoo.com

Hugh R. Williams
611 E. Park, Suite 117
Carbondale, IL 62901
Hrw1997@gmail.com

Charles D. Walter
Boehl Stopher & Graves, LLP
410 Broadway
Paducah, KY 42001
cwalter@pad.bsg-law.com

                MICHAEL HAMILTON

                By: s/ Julie M. Koerner
                #6204852
                O'Halloran, Kosoff, Geitner & Cook
                650 Dundee Road, Suite 475
                Northbrook, IL 60062
                Phone: (847) 291-0200
                jmkoerner@okgc.com