UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH WILLIAMS,

    Plaintiff,

v.

SOUTHERN ILLINOIS RIVERBOAT/
CASINO CRUISES, INC., d/b/a HARRAH'S
METROPOLIS CASINO, *et al.*,

    Defendants.

Case No. 06-cv-664-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion for reconsideration filed by defendants Southern Illinois Riverboat/Casino Cruises, Inc. ("Harrah's"), Glen Melcher and Jason Cecil (collectively, "the Harrah's defendants") (Doc. 111). The Harrah's defendants seek reconsideration of the Court's order denying them summary judgment on plaintiff Kenneth Williams's ("Williams") state law causes of action for malicious prosecution (Count VIII) and intentional infliction of emotional distress (Count X) (Doc. 105). Williams has not responded to the motion.

In this order, the Court also addresses the claims against the John Doe and Jane Doe defendants and a jurisdictional issue.

The Court has set forth the facts as viewed for the purposes of the summary judgment motion in its order ruling on that motion, so it need not repeat them here. The Court will begin addressing each of the arguments in the motion to reconsider in turn.

**I.    Malicious Prosecution**

The Harrah's defendants ask the Court to reconsider its denial of summary judgment on Williams's malicious prosecution claim for the reasons the Court granted summary judgment for

codefendants Michael Hamilton ("Hamilton") and Don Helm ("Helm") on similar claims. In the order ruling on Hamilton and Helm's motion, the Court stated:

> To succeed on a claim for malicious prosecution, a plaintiff must prove "(1) the commencement or continuation of an original criminal or civil proceeding by defendants, (2) termination of the proceeding in favor of plaintiff, (3) the absence of probable cause for the proceeding, (4) the presence of malice on defendants' part, and (5) damages resulting to plaintiff." *Boyd v. City of Chicago*, 880 N.E.2d 1033, 1045 (Ill. App. Ct. 2007) (citing *Reynolds v. Menard, Inc.*, 850 N.E.2d 831, 837 (Ill. App. Ct. 2006)).
>
> * * *
>
> As for the second element, "a malicious prosecution action cannot be predicated on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused." *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). Illinois has adopted the rule that abandonment of criminal proceedings is not indicative of the innocence of the accused if it was the result of the impracticability of bringing the accused to trial. *Id.* at 1243 (citing *Restatement (Second) of Torts* §§ 660, 661 (1977)). The plaintiff bears the burden of establishing that the facts and circumstances surrounding the decision to terminate the proceeding lead to the inference that there was no reasonable ground to pursue the prosecution. *Swick*, 662 N.E.2d at 1243.
> In this case, there is no evidence from which Williams could demonstrate his criminal prosecution was terminated in his favor in a manner indicative of his innocence. When he made the decision to dismiss the criminal case against Williams, Windhorst had in front of him witness statements in the arrest and patron incident reports, which provided reasonable grounds to pursue the prosecution, and the casino's video surveillance tape, which could have been construed to support the case against Williams. Windhorst believed he could convict Williams, rightly or wrongly, based on this evidence. Windhorst's deposition testimony indicates he made the decision to dismiss the case not because he believed Williams was innocent or because he could not succeed in prosecuting Williams but instead purely to ensure the State's Attorney was able to try more important cases.
> In his response to the motion, Williams does not address the evidence he could use to show his criminal prosecution was terminated in a manner indicative of his innocence. Again, the Court construes Williams's failure to respond to the argument as an admission of its merits. *See* Local Rule 7.2(c). In any case, Williams certainly has not carried his burden of presenting evidence to support the conclusion that his criminal prosecution was terminated in his favor.
> Because there is no evidence from which a reasonable jury could find Williams's prosecution was terminated in a manner indicative of his innocence, Hamilton is entitled to summary judgment on Count VII. . . .

2

Mem. & Order, Doc. 104 at 11-13.

In its order ruling on the Harrah's defendants' motion for summary judgment, the Court noted that the Harrah's defendants had conceded for the purposes of the motion that Williams's criminal prosecution was terminated in his favor. This finding was based on the following statement in the Harrah's defendants motion: "The proceedings were terminated in favor of plaintiff. . . ." Had the Harrah's defendants not made that concession, the Court would have reached the same result it did with respect to the Hamilton and Helm motion.

In the pending motion to reconsider, the Harrah's defendants argue that it did not intend to concede in the legal sense Williams's ability to prove the second element of his malicious prosecution claim – that his criminal prosecution was terminated in his favor. Indeed, it notes that it submitted evidence similar to that considered in conjunction with Hamilton and Helm's motion regarding the reasons for the dismissal of Williams's criminal case.

Williams has not responded to the motion to reconsider, just as he failed to respond to the arguments in favor of summary judgment. Then, in connection with the Hamilton and Helm motion, the Court construed his failure to respond as an admission of the merits of the motion. Such a conclusion is equally applicable with respect to the pending motion.

Even without finding a concession of the merits of the motion, the Court believes reconsideration is appropriate based on the Court's misunderstanding of the Harrah's defendants' confusing statement in their brief. In its reconsideration, the Court finds that the Harrah's defendants are entitled to summary judgment on Williams's malicious prosecution claims for the same reasons set forth in the order granting the Hamilton and Helm motion.

## II.  Intentional Infliction of Emotional Distress

The Harrah's defendants argue that without Williams's malicious prosecution claim, he

cannot succeed on his intentional infliction of emotional distress claim. They believe this is true because their acts constituting the alleged malicious prosecution – submitting false reports in conjunction with Williams's criminal prosecution – caused the alleged emotional distress he claims.

The Court disagrees. While Williams may not be able to succeed on his malicious prosecution claim, his intentional infliction of emotional distress claim rests on a different, but overlapping, set of facts. It is possible that the defendants' submission of false statements to the police and support of Williams's criminal prosecution based on those false statements could constitute intentional infliction of emotional distress. Similarly, it is possible Harrah's ejectment of Williams from the casino could also satisfy the elements. Reconsideration of this ruling is not warranted.

### III.     John Doe and Jane Doe Defendants

This matter comes before the Court on the Court's April 16, 2008, order to show cause (Doc. 105). In that order, the Court noted that there is no evidence in the record that service of process has been effected upon the John Doe defendants within 120 days after the filing of the complaint, as prescribed by Federal Rule of Civil Procedure 4(m). The Court ordered Williams to show cause on or before April 28, 2008, why the John Doe defendants should not be dismissed without prejudice for Williams's failure to timely effect service and warned the plaintiff that his failure to respond in a timely manner would result in dismissal of those defendants from this action. At the final pretrial conference, the Court clarified that its order also applied to any Jane Doe defendants. Williams has not responded to the order to show cause. Accordingly, to the extent that the John Doe and Jane Doe defendants were not already dismissed at the final pretrial conference, the Court will dismiss all remaining claims against

them without prejudice pursuant to Rule 4(m).

**IV.     Jurisdiction**

The Harrah's defendants' trial brief on the failure to provide notice required by 42 U.S.C. § 2000a-3(c) (Doc. 113) raises the question of the Court's jurisdiction to hear Williams's claims brought under Title II of the Civil Rights Act, 42 U.S.C. § 2000a (Count II).  The trial brief cites *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142 (7th Cir. 1993), for the proposition that a court does not have jurisdiction to hear a Title II action unless the Title II plaintiff complies with 42 U.S.C. § 2000a-3(c).  That provision requires notice to state or local authorities when state or local law prohibits the type of discrimination claimed and the state or local authority has authority to grant or seek relief from that discrimination.  Illinois has such authority, law and relief is available under the Illinois Human Rights Act, 775 ILCS 5/1-102(A), which prohibits discrimination in public accommodations.  The Harrah's defendants assert that Williams never gave notice to the Illinois Department of Human Rights about his exclusion from Harrah's casino, so the Court does not have jurisdiction to hear his Title II claim.

The Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it.  *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *Stearnes*, 3 F.3d at 1144; *see also Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (citing *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986) ("[O]nce the district judge has reason to believe that there is a serious jurisdictional issue, he is obliged to resolve it before proceeding to the merits even if the defendant, whether as a matter of indolence or strategy, does not press the issue.")).

In this case, the Court must resolve jurisdiction issues before the trial begins on June 2, 2008.  It would be a waste of resources to take evidence on the issues involved solely in Title II

5

at trial if the Court does not have jurisdiction to entertain this cause of action. Accordingly, the Court will order Williams to show cause on or before May 30, 2008, why the Court should not dismiss Count II in its entirety for lack of subject matter jurisdiction. If Williams fails to respond in a timely manner to this order to show cause, the Court may construe Williams's silence as an admission that he has not given the required notice and may dismiss Williams's Title II claim for lack of jurisdiction.

### V. Conclusion

For the foregoing reasons, the Court

- **GRANTS in part** and **DENIES in part** the Harrah's defendants' motion for reconsideration (Doc. 111). The Court grants the motion to the extent it requests reconsideration of its ruling denying summary judgment on Williams's claims for malicious prosecution (Count VIII) against the Harrah's defendants and **GRANTS** summary judgment in favor of Harrah's, Glen Melcher and Jason Cecil on that cause of action. The Court denies the motion to reconsider in all other respects.

- **DISMISSES** all remaining claims in this case against the John Doe and Jane Doe defendants **without prejudice** pursuant to Rule 4(m);

- **ORDERS** Williams to **SHOW CAUSE** on or before May 30, 2008, why the Court should not dismiss Count II in its entirety for lack of subject matter jurisdiction;

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

After this order, the following claims remain for trial:

- Counts I and II against defendants Harrah's and Cooke;

- Count III and V against defendant Hamilton; and

- Count X against defendants Harrah's, Cooke, Cecil and Melcher;

**IT IS SO ORDERED.**
**DATED: May 22, 2008**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**