IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH WILLIAMS,

    Plaintiff,

    v.

SOUTHERN ILLINOIS RIVERBOAT/CASINO
CRUISES, INC., d/b/a Harrah's Metropolis
Casino, *et al.*,

    Defendants.

No. 06-cv-664-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the motion for reconsideration (Doc. 116) filed by plaintiff Kenneth Williams ("Williams"). He seeks reconsideration of (1) the Court's order (Doc. 114) granting the request of defendants Southern Illinois Riverboat/Casino Cruises, Inc. ("Harrah's"), Glen Melcher and Jason Cecil to reconsider the Court's prior ruling denying summary judgment on his malicious prosecution claims and (2) the Court's order (Doc. 105) granting summary judgment on his state law false arrest claims against Harrah's, James Slone, Jerry Rednour, Glen Melcher, Lori Cooke and Jason Cecil. Williams failed to respond to the Harrah's defendants' motion to reconsider. Williams also concedes the Court has no jurisdiction over Count II of this action, which raises a claim under Title II of the Civil Rights Act, 42 U.S.C. § 2000a. The Court also considers Williams's motion to continue the trial of this matter, currently set for June 2, 2008 (Doc. 117), the Harrah's defendants' motion for an extension of time to respond to Williams's motion (Doc. 118) and the Harrah's defendants' motion to dismiss Count X for lack of subject matter jurisdiction (Doc. 119).

    The Court's prior summary judgment ruling adequately sets forth the background of this

case, so the Court need not repeat it here.

I.      Reconsideration of Dismissal of False Arrest Claims

Williams states that his recent review of documents relating to his criminal case reveals that he was originally charged only with criminal trespass to property, not disorderly conduct as defendant Metropolis Police Officer Hamilton had testified. He argues that this new information justifies reinstating his allegations of false arrest against defendants Cecil, Melcher, Rednour and Harrah's because it supports the inference that Hamilton did not know Williams had allegedly behaved in a disorderly way until well after the arrest and that Hamilton relied on the false reports of Cecil, Melcher, Rednour and Harrah's to justify Williams's arrest.

Williams could have and should have made these arguments earlier in the case. He has not explained why he was unable to discover these "new facts," which were available to the public at the Massac County Courthouse, until the week before trial. The arguments he makes now in support of reinstating his state law false arrest claims should have been made in response to the Harrah's defendants' summary judgment motion, which was filed nearly seven months ago in October 2007. If Williams was unable to obtain the necessary documents when his response was due, he could have asked for an extension of time to respond to the summary judgment motion under Federal Rule of Civil Procedure 56(f). The Court will not allow Williams to wait until the eve of trial to raise arguments he could have and should have made months ago.

Furthermore, Williams's argument has no merit. It is true that under Illinois law, a private individual can be liable for a false arrest if the arresting officer relied *solely* on the person's statements when making the arrest. *See Dutton v. Roo-Mac, Inc.*, 426 N.E.2d 604, 607 (Ill. App. Ct. 1981). However, to the extent Williams believes Metropolis Police Officer Hamilton made the arrest, there is no evidence Hamilton communicated with any Harrah's

personnel prior to the arrest such that they could have given him a false report to serve as the basis for his arrest. Thus, Hamilton could not have relied solely on a false report from a Harrah's employee to make the arrest. To the extent Williams believes Illinois Gaming Board Agent Eberhart made the arrest, Eberhart had probable cause to arrest Williams for, at a minimum, criminal trespass to property based on Rednour's true report that Williams had been ejected from the casino and his own observations of Williams in the parking lot. Thus, he did not rely solely on a false report. There is simply no evidence – at the time the Court ruled on the summary judgment motions or now – that Williams's arrest was based solely on a false report by a Harrah's employee. Nothing Williams found in his "new facts" justifies reinstatement of his state law false arrest claims.

## II.     Reconsideration of Dismissal of Malicious Prosecution Claims

Williams then argues that the Court should reinstate his malicious prosecution claims against Cecil, Melcher and Harrah's, which were dismissed pursuant to the Harrah's defendants' motion to reconsider. Williams should have raised these arguments in response to that motion (and, in fact, in response to similar arguments made by other defendants at the summary judgment stage). He did not, and as a consequence, as the Court noted in its order dismissing those claims, he waived those arguments. Now, five days before trial, he seeks to raise his arguments for the first time. However, Williams cannot wait until five days before trial to raise arguments he could have and should have made much earlier. Even had he not waived those arguments, nothing he says now would cause the Court to reconsider the dismissal of those claims.

## III.    Other Motions

In light of this ruling, Williams's motion to continue the trial to give the Court an

opportunity to rule on his motion to reconsider (Doc. 117) and the Harrah's defendants' motion for an extension of time to respond to Williams's motion (Doc. 118) are denied as moot.

IV. **Conclusion**

For the foregoing reasons, the Court

- **DENIES** Williams's motion for reconsideration (Doc. 116),

- **DISMISSES** Count II in its entirety against all defendants for **lack of jurisdiction**,

- **DISCHARGES** the order to show cause in the Court's May 22, 2008, order (Doc. 114);

- **DENIES** Williams's motion to continue the trial (Doc. 117);

- **DENIES** the Harrah's defendants' motion for an extension of time to respond (Doc. 118); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

After this order, the following claims remain for trial:

- Count I against defendants Harrah's and Cooke;

- Counts III and V against defendant Hamilton; and

- Count X against defendants Harrah's, Cooke, Cecil and Melcher.

**IT IS SO ORDERED.**
**DATED: May 28, 2008**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**